IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Oleg and Jennifer Yusenko, | ) | C/A No.: 0:09-2395-JFA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Lennar Corporation; Home Buyers | ) | ORDER STAYING CASE |
| Warranty Corporation d/b/a/ 2-10 | ) | |
| Home Buyers Warranty Corporation; | ) | |
| National Home Insurance Company; | ) | |
| and John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on defendant Lennar Carolinas LLC's ("Lennar") motion to dismiss or, in the alternative, to stay [dkt. # 24] Oleg and Jennifer Yusenko's (the "Yusenkos") suit alleging defective construction of their home. The parties have fully briefed the motion, and conferred with the court on December 4, 2009. After reviewing the briefs and conferring with counsel, the court grants Lennar's motion in part.

Under the South Carolina Notice and Opportunity to Cure Construction Dwelling Defects Act, S.C. Code Ann. §§ 40-59-810 to 860. (Supp. 2008), plaintiffs asserting defective construction of their dwelling must give specific written notice to any contractor or subcontractor against whom a claim is sought at least ninety days prior to filing suit. Pursuant to S.C. Code Ann. § 40-59-840, the notice of claim must contain (1) a statement that the claimant asserts a construction defect; (2) a description of the claim in reasonable

detail sufficient to determine the general nature of the construction defect; and (3) a description of any results of the defect, if known. S.C. Code Ann. § 40-59-840. Within thirty days of receipt of the required notice, the contractor or subcontractor may elect, through written notice, to inspect, offer to remedy, offer to settle with the claimant, or deny the claim regarding defects. S.C. Code Ann. § 40-59-850. The claimant, in turn, must allow the contractor or subcontractor access to the dwelling for inspection, and if repairs are agreed upon, then reasonable access to accomplish the repairs. Id. If the claimant files an action in court before first complying with the requirements of the statute, the court must stay the action until the claimant has complied with the requirements of this article. S.C. Code Ann. § 40-59-830.

The Yusenkos failed to establish in their complaint, their response to Lennar's motion to dismiss [dkt. # 27], or in the conference call with the court on December 4, 2009, that they have complied with the notice provisions of S.C. Code Ann. § 40-59-40. The Yusenkos argue in their response to Lennar's motion to dismiss that prior correspondence combined with the factual allegations in the complaint should serve to accomplish the functional equivalent of the notice envisioned by S.C. Code Ann. § 40-59-40. While requiring such specific notice under the circumstances may appear academic or formalistic, the statute plainly calls for a specific form of notice to be provided to Lennar. The notice called for in the statute requires a clear statement of the alleged defects and initiates a procedure through which an opportunity to inspect such defects may be made so that an informed decision may

be made as to how to address the allegations. For these reasons, the court finds compliance with the letter of the statute necessary to vitiate the statutory scheme the South Carolina legislature crafted to address disputes such as the one at bar.

Accordingly, the court grants Lennar's motion [dkt. # 24] insofar as the court orders that plaintiffs Oleg and Jennifer Yusenko immediately comply with the notice requirements of S.C. Code Ann. § 40-59-840, and that the case be stayed until March 4, 2010. The court also orders that on, or immediately after, March 4, 2010, the parties inform the court of the status of the case by means of a filing on the docket. Should any claim or claims remain unresolved at that time, the court will issue an order lifting its stay and issue an amended scheduling order.

IT IS SO ORDERED.

December 4, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge